UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM L. MELTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:03CV550 CAS |
| ) | (FRB) |
| KELLY LOCK,[1] ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on Missouri state prisoner William L. Melton's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Pursuant to his guilty pleas entered in three separate causes of action on December 20, 1996, for offenses committed in June and August 1996, Petitioner was sentenced in the Circuit Court of St. Louis County on January 10, 1997, to concurrent terms of imprisonment aggregating fifteen years.[2] (Resp. Exhs. A-C.) On

---

[1]Petitioner is currently incarcerated at the Missouri Eastern Correctional Center (MECC) in Pacific, Missouri. Inasmuch as Larry Rowley is Superintendent of MECC, he should be substituted for Kelly Lock as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

[2]Specifically, in Cause No. 96CR-007016, Petitioner plead guilty to the Class B felony of Possession with Intent to Distribute Controlled Substance; in Cause No. 96CR-006234, Petitioner plead guilty to the Class C felony of Stealing: Third

August 12, 2002, Petitioner filed a Motion Pursuant to Missouri Supreme Court Rule 29.07 to Correct Manifest Injustice, which was denied on August 26, 2002, without a hearing. (Petn. at pp. 3-4, Petn. Exh. 5.) Petitioner's appeal from the denial of this motion was dismissed by the Missouri Court of Appeals on March 21, 2003. (Petn. at p. 4.) The instant petition for writ of habeas corpus, verified by Petitioner on April 25, 2003, was received by this Court on April 30, 2003, and filed on May 9, 2003, upon Petitioner being granted leave to proceed in the cause in forma pauperis.

In the instant petition for writ of habeas corpus, Petitioner does not challenge his convictions or the sentences imposed by the trial court. Instead, Petitioner contends that the Missouri Board of Probation and Parole (Board) unlawfully applied Mo. Rev. Stat. § 558.019 (1994)[3] to the *execution* of his sentences,

---

Offense; and in Cause No. 96CR-006424, Petitioner plead guilty to the Class B felony of Burglary First Degree and the Class C felony of Stealing $150 or More. (Resp. Exhs. A-C.)

[3]Mo. Rev. Stat. § 558.019 requires the service of minimum prison terms before being eligible for parole. In the instant petition, Petitioner claims that the Board unlawfully applied Mo. Rev. Stat. § 558.019 *(1997)* to the execution of his sentence. At the time of the Board's alleged unlawful action, however, the statute in effect was Mo. Rev. Stat. § 558.019 (1994), and applied to Petitioner's offenses which occurred in 1996. On April 27, 1998, the statute was repealed and replaced with a new § 558.019, the purpose of which was to merely substitute the term "prison commitment" for "remands" throughout the section. See Mo. Rev. Stat. § 558.019 (2005) (Historical & Statutory Notes); Bailey v. Board of Probation & Parole, 36 S.W.3d 13, 17 n.2 (Mo. Ct. App. 2000); see also 1998 Mo. Legis. Serv. S.B. 766 (Vernon's). Other than this change in terminology, the substance of the 1994 statute and its application was unaffected by the 1998 legislative action, including the statute's application to offenses which occurred in

thereby resulting in Petitioner being incarcerated longer than he anticipated before being considered eligible for parole. Petitioner contends that this application of § 558.019 violated his right to due process and constituted a violation of the Ex Post Facto Clause, the Separation of Powers Clause, and the Double Jeopardy Clause. Petitioner also claims he was denied his right to appeal the denial of his Rule 29.07 motion. In response, Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1). For the following reasons, Respondent's argument is well taken.

Petitioner was sentenced in the underlying criminal causes of action on January 10, 1997. On August 12, 1997, the Board notified Petitioner that his parole hearing was scheduled for September 2006. (Petn. Exh. 2.) Respondent argues that because Petitioner became aware of the factual predicate of the instant claims on August 12, 1997 – that is, that he would not be considered eligible for parole until September 2006 – he had one year from August 12, 1997, within which to file a federal habeas petition challenging the action. 28 U.S.C. § 2244(d)(1)(D). Respondent contends that because the instant petition was not filed until April 25, 2003, the petition is untimely and should be dismissed.

---

1996. See generally Bailey v. Board of Probation & Parole, 36 S.W.3d 13 (Mo. Ct. App. 2000); Mo. Rev. Stat. § 558.019.7 (1998) (provisions of section applies to offenses occurring on or after August 28, 1994).

Under 28 U.S.C. § 2244(d)(1)(D), a person in custody pursuant to a judgment of a State court may bring a federal petition for writ of habeas corpus within one year from the date on which the factual predicate of the claims presented therein could have been discovered through due diligence. The petitioner bears the burden of persuading the Court that through the exercise of due diligence, he could not have discovered the factual predicate of his claims prior to one year before the filing of the habeas petition. See Frazier v. Rogerson, 248 F. Supp. 2d 825, 833 (N.D. Iowa 2003). Responding to Respondent's timeliness argument here, Petitioner states in his first Traverse that the action which he now challenges was done "years after the conviction." (Traverse, Doc. No. 9 at p. 1.) In a subsequent Traverse, Petitioner contends that the action occurred "long after [he] had been in prison some months[.]" (Traverse, Doc. No. 15 at p. 2.) Nevertheless, in both instances, Petitioner continues to argue that it was the setting of his parole eligibility hearing for September 2006 which constituted the alleged illegal act inasmuch as it was such action which imposed a mandatory minimum sentence under Mo. Rev. Stat. § 558.019. Because this challenged action occurred on August 12, 1997, and Petitioner was notified of such action, this Court is not persuaded that Petitioner could not have discovered the factual predicate of his claims prior to one year before the filing of the instant petition.

Petitioner argues, however, that § 2244(d)(1)'s one-year limitations period did not commence until the Missouri Court of Appeals' final disposition of his Rule 29.07 case on March 21, 2003. Petitioner contends that because the instant petition was filed one month after such disposition, the petition is timely filed. (Traverse, Doc. No. 15 at p. 2.) Petitioner's argument is misplaced. Under 28 U.S.C. § 2244(d)(2), the one-year limitation period for filing a federal habeas petition is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002). The tolling period commences upon the timely filing of an application for State post-conviction or collateral review, and remains pending through the conclusion of the appellate process, including such time during which the petitioner could seek further appellate review. Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807 (2005); Carey v. Saffold, 536 U.S. 214, 219-21 (2002); Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002); cf. Williams, 299 F.3d at 983 (final resolution of application for post-conviction relief does not occur until it is too late to proceed in appeal process).[4] Inasmuch as the tolling period under § 2244(d)(2) does not commence until an application for State collateral review is filed, such an

---

[4] The ninety-day period within which to file a petition for writ of certiorari to the United States Supreme Court after the denial of collateral relief is not tolled. Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001).

application for State review must be filed *prior* to the expiration of § 2244(d)(1)'s one-year limitations period, regardless of whether State law provides time beyond this federal limitations period within which to file such State applications. Curtiss v. Mount Pleasant Corr. Facility, 338 F.3d 851, 853 (8th Cir. 2003); Gray v. Gammon, 283 F.3d 917, 918 (8th Cir. 2002) (per curiam). The tolling provision does not revive a limitations period which has otherwise expired. See Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998).

The information before the Court in the instant cause shows that Petitioner filed his application for State collateral relief on August 12, 2002, nearly five years after he became aware, or with due diligence could have become aware, of the factual predicate of his claims. Inasmuch as the one-year period within which Petitioner could file the instant claims for federal habeas relief had already expired, the filing and subsequent pendency of his Rule 29.07 motion for collateral relief does not toll the period of limitations. Gray, 283 F.3d at 918. This is true regardless of Missouri's procedural scheme which places no time limitation on the filing of a motion under Rule 29.07. Curtiss, 338 F.3d at 853. Accordingly, the petition is untimely filed under the provisions of § 2241(d)(1)(D). Petitioner does not argue, nor does any evidence before the Court demonstrate, that any other impediment prevented Petitioner from filing the instant petition

within one year of becoming aware of the date set for his parole eligibility hearing.

In addition, Petitioner does not argue, nor has he shown, that "extraordinary circumstances" made it impossible for him to timely file the instant petition. As such, equitable tolling is not justified in this cause. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002); Gray, 283 F.3d at 918; Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000); Cf. Pace, 544 U.S. at ___ n.8, 125 S. Ct. at 1814 n.8 (assuming without deciding that equitable tolling may be applied in § 2254 cases).

Therefore, for all of the foregoing reasons, the instant petition is untimely filed and should be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Larry Rowley, Superintendent of Missouri Eastern Correctional Center, be substituted for Kelly Lock as proper party respondent.

**IT IS FURTHER RECOMMENDED** that petitioner William L. Melton's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 5) be dismissed without further proceedings.

The parties are advised that any written objections to this Report and Recommendation shall be filed not later than **May 15, 2006**. Failure to timely file objections may result in waiver of the right to appeal questions of fact. Thompson v. Nix, 897

F.2d 356, 357 (8th Cir. 1990).

                                                 */s/ Frederick R. Buckles*
                                       UNITED STATES MAGISTRATE JUDGE

Dated this _3rd_ day of May, 2006.